J-S48006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAQUAN KEARSE | : | |
| | : | |
| Appellant | : | No. 2362 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 1, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0002985-2017.

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.: Filed: January 21, 2021

Daquan Kearse appeals from the judgment of sentence entered following his guilty plea to third degree murder and possessing an instrument of crime.[1] Upon review, we affirm.

The facts are fully set forth in the trial court's opinion. Briefly, Kearse left his house on January 27, 2017, and came into contact with Donald Sanders outside a nearby restaurant. After a short conversation, Kearse shot Sanders seven (7) times: once in his face, once in the thigh, and five times in his back. Sanders' friend took him to the hospital where he died the next morning. Kearse fled the scene, but did not return home. Afterwards, Kearse admitted to two different people that he shot someone. He was arrested and charged.

_____

[1] 18 Pa.C.S.A. §§ 2502(c) and 907.

Kearse pled guilty. On March 1, 2019, the trial court sentenced Kearse to twelve and one-half to twenty-five years of incarceration on the third-degree murder charge and two and one-half to five years of incarceration for possessing an instrument of crime, consecutive to the murder sentence, for a total sentence of fifteen to thirty years. Kearse filed a post-sentence motion which was denied by operation of law.

Kearse filed this timely appeal. Kearse and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Kearse raises the following single issue on appeal:

Did the sentence imposed in the Court of Common Pleas constitute an abuse of discretion?

Kearse's Brief at 3.

Kearse challenges the discretionary aspects of his sentence. This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Colon**, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013)).

In his 2119(f) statement, Kearse initially claims that the trial court abused its discretion by imposing the maximum sentence of two and one-half to five years of incarceration for possessing an instrument of crime given the presence of certain mitigating factors. Regarding this issue, Kearse satisfied the first three requirements under **Colon**. Accordingly, we next consider whether Kearse has raised a substantial question for our review.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

At first glance, it appears that Kearse claims that his sentence was excessive, and that the court did not adequately consider certain mitigating factors applicable to his case. Generally, such issues do not raise a substantial question. **Commonwealth v. Fisher**, 47 A.3d 155, 159 (Pa. Super. 2012) ("[A] bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim."); **Commonwealth v. Eline**, 940 A.2d 421, 435 (Pa. Super. 2007). However, in his 2119(f) statement, Kearse expounds upon this claiming that given "the offense gravity score of 3 and Kearse's prior record score of 0, the sentencing guidelines were restorative sanctions to one month, with a downwards or upwards deviation of three months." The trial court, however, sentenced him well outside the guidelines, suggesting that his

sentence was unreasonable. *See* Kearse's Brief at 6. As such, we conclude that Kearse has raised a substantial question for our consideration and will consider the merits of this issue.[2] *See Commonwealth v. Guth*, 735 A.2d 709, 711 (Pa. Super. 1999).

Kearse also claims that the trial court abused its discretion in running his sentence for possessing an instrument of crime consecutive to his sentence for murder. Kearse's Brief at 6-7. Although Kearse timely appealed and included this issue in his 2119(f) statement, thereby complying with the first two requirements under *Colon*, Kearse did not raise this issue at sentencing, in his post-sentence motion, or in his statement of matters complained of on appeal. Therefore, Kearse has failed to properly preserve this issue for appeal, and it is therefore waived.

In considering the merits of Kearse' sentencing issue, our standard of review of a sentencing claim is as follows:

_____

[2] We note that Kearse argues in his Brief that the trial court failed to specify on the record the reasons for its deviation from the sentencing guidelines. Such a claim raises a substantial issue. *Commonwealth v. Rossetti*, 863 A.2d 1185, 1195 (Pa. Super. 2004). However, Kearse failed to raise this issue before the trial court, thereby failing to preserve it for appeal. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion." *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008) (citations omitted). Additionally, he did not raise it in his 2119(f) statement. Generally, "[w]here an appellant fails to comply with Pa.R.A.P 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." *Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa. Super. 2004). Here, the Commonwealth did object, and we therefore find that Kearse waived this issue.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shull*, 148 A.3d 820, 832 (Pa. Super. 2016).

When imposing a sentence, the sentencing court is required to consider the ranges set forth in the Sentencing Guidelines, but it is not bound by them. *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007) ("It is well established that the Sentencing Guidelines are purely advisory in nature."); *Commonwealth v. Walls*, 926 A.2d 957, 965 (Pa. 2007) (referring to the Sentencing Guidelines as "advisory guideposts" which "recommend ... rather than require a particular sentence"). The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." *Yuhasz*, 923 A.2d at 1118. A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001). When a court chooses to depart from the guidelines, however, it must "demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines." *Id.*

When reviewing a sentence outside of the guidelines, the essential question is whether the sentence imposed was reasonable. ***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super.); ***Walls***, 926 A.2d at 963. In determining whether the sentence is reasonable, an appellate court should consider the following factors:

> (1) The nature and circumstance of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

***Walls***, 926 A.2d at 963 (quoting 42 Pa.C.S.A. 9781(d)).

Reviewing the facts of this case and the trial court's rationale for imposing Kearse's sentence, within the context of the four factors referenced above, we conclude that the court's deviation from the guidelines was reasonable. First, the trial court considered the nature and circumstances of the offense and Kearse's characteristics and history. The trial court watched a video of the shooting at the hearing. In reaching its sentencing decision, the trial court explained:

> The court noted that [Kearse] was ineligible to get a license to carry a firearm due to his age of 20 years and therefore, the gun was purchased illegally. The court indicated the steps [at the hearing] [Kearse] would have to take in order to be prepared with that firearm before leaving his house, evidencing an intent to use the weapon. Moreover, the brutality of the way the instrument of crime was used, warranted [an] upward deviation from the guidelines.

Trial Court Opinion, 12/2/19, at 9; see also N.T., 3/1/19, at 30. Kearse shot Sanders seven times, five times in his back while he was on the ground. The trial court also heard from Kearse's family and friend about his good character and his childhood. The court acknowledged that Kearse's prior record score was zero.

Second, the trial court had the opportunity to observe Kearse at the hearing and heard Kearse apologize to Sanders' family and his family. The trial court also considered two letters written by Kearse, one from which the court recognized that Kearse had accepted some responsibility for his conduct and, from the other, that Kearse was very remorseful. N.T., 3/1/19, at 5. Additionally, the trial court had the benefit of a PSI report. N.T., 3/1/19, at 5. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). Kearse's counsel highlighted various mitigating factors for the court contained in the PSI and mental health evaluation.

Third, the trial court relied on its findings set forth above. These findings, along with the fact that this shooting occurred in a very busy area, which put many others at risk, justified the imposition of a sentence outside the guidelines.

Finally, the trial court specifically acknowledged the sentencing guidelines at the outset of the hearing. N.T., 3/1/19, at 5. The court further recognized that it sentenced Kearse outside of those guidelines. Trial Court Opinion, 12/2/19, at 9. Given the circumstances of this case, however, the trial court believed that such sentencing was warranted. ***Id.***

In sum, although the court's sentence exceeded the guidelines, it is evident from the sentencing transcript that the trial court gave thoughtful consideration to all of the information presented by both the Commonwealth and Kearse and the particular circumstances of this case. N.T., 3/1/19, at 29-33. Given these factors, Kearse's sentence was reasonable; the trial court did not abuse its discretion. Kearse's claim merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/21